```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| LAMAR MACON, | |
| Petitioner, | Civ. No. 18-3943 (NLH) |
| v. | OPINION |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

APPEARANCE:
Lamar Macon, No. 65282-050
USP - Allenwood
P.O. Box 3000
White Deer, PA 17887
    Petitioner, pro se

HILLMAN, District Judge

On or about March 22, 2018, Petitioner Lamar Macon, a prisoner presently confined at the United States Penitentiary at Allenwood in White Deer, Pennsylvania, submitted a Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 (the "Petition").[1]  ECF No. 1.  At this time, the Court will conduct a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings.

---

[1] The Court notes that the Petitioner did not use the habeas form required by Local Rule 81.2 for § 2255 motions, i.e., AO243 (modified): DNJ-Habeas-004 (Rev. 01-2014). The Petitioner also did not sign his Petition at all.  See Rule 2 of the Rules Governing Section 2255 Proceedings (requiring signature under penalty of perjury).

1

BACKGROUND

On May 20, 2015, Petitioner was convicted of various drug offenses and sentenced to a total of 240 months' imprisonment. ECF No. 1, Pet. at 2; No. 14-cr-50, ECF No. 676 (judgment). Petitioner proceeded with a direct appeal to the Court of Appeals for the Third Circuit, which affirmed his conviction and sentence. See No. 14-cr-50, ECF No. 901 (mandate). Petitioner file a petition for writ of certiorari with the Supreme Court of the United States, which was denied on February 21, 2017. See No. 15-2275, Notice dated Feb. 21, 2017 (3d Cir.).

Over a year later, Petitioner filed the instant § 2255 Motion by mailing it via certified mail to the Clerk of the Court. The Motion was docketed on March 22, 2018, the same day it was received by the Clerk according to a stamp on the envelope. The certified mail tracking data, which the Court has retrieved from a public source, establishes the Motion was first placed in the custody of the United States Postal Service to be mailed to the Clerk on March 20, 2018. Petitioner did not date his Motion or the supporting brief, so it is unclear from the Motion itself when the Petitioner placed it in the prison's mail system. See ECF No. 1, Pet. at 14; ECF No. 1-1, Br. at 14. However, the envelope also bears a second date stamp of March

2

19, 2018 which appears to be the date it was received in the prison mail system. See ECF No. 1-2 (envelope).

In the Petition, Petitioner argues that his trial and appellate counsel were ineffective and that he is actually innocent of certain offenses because he withdrew from the drug conspiracy and thus should not be criminally liable for a murder that occurred after he withdrew. See ECF No. 1, Pet. at 5-8.

TIMELINESS

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), petitions filed pursuant to 28 U.S.C. § 2255 are subject to a one-year statute of limitations. See 28 U.S.C. §§ 2244(d), 2255(f)(1). Specifically, the one-year limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's direct appeal of his criminal case concluded when the Supreme Court of the United States denied his petition for writ of certiorari on February 21, 2017. Therefore, his judgment of conviction became final on February 21, 2017. See Gonzalez v. Thaler, 565 U.S. 134, 149-50 (2012) (holding that a judgment is determined to be final by the conclusion of direct review, or the expiration of time for seeking such review, including the ninety-day period for filing a petition for writ of certiorari). As a result, unless the statute of limitations was tolled, the applicable statute of limitations would have expired a year later on February 21, 2018. See 28 U.S.C. § 2255(f)(1).

The Petition, however, was not filed until on or about March 19, 2018. ECF No. 1-2 (envelope stamped "MAR 19 2018"). See Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (under the prison mailbox rule, "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing[.]"). Thus, the Petition was filed beyond the expiration of the applicable one-year statute of limitations period.

In the section of the Petition entitled "Timeliness of Motion," Petitioner writes only that "The Motion IS Timely." ECF No. 1, Pet. at 13. Without making any determination as to the merits of the Petition, the Court finds that Petitioner has

failed to properly explain why his Petition is timely under § 2255(f).

TOLLING

As set forth above, the Petition is time-barred unless Petitioner can demonstrate extraordinary circumstances to justify equitable tolling of the limitations period. In Holland v. Florida, the Supreme Court held that AEDPA's one-year limitations period is subject to equitable tolling in appropriate cases, on a case-by-case basis. 560 U.S. 631, 649–50 (2010); Ross v. Varano, 712 F.3d 784, 798 (3d Cir. 2013). A litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 560 U.S. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). See also United States v. Thomas, 713 F.3d 165, 174 (3d Cir. 2013); Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 89 (3d Cir. 2013).

The diligence required for equitable tolling is reasonable diligence, not maximum, extreme, or exceptional diligence. Holland, 560 U.S. at 653. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." LaCava v. Kyler, 398

5

F.3d 271, 277 (3d Cir. 2005). See also Alicia v. Karestes, 389 F. App'x 118, 122 (3d Cir. 2010) (holding that the "obligation to act diligently pertains to both the federal habeas claim and the period in which the petitioner exhausts state court remedies"). Reasonable diligence is examined under a subjective test, and it must be considered in light of the particular circumstances of the case. See Ross, 712 F.3d at 799; Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004) ("Due diligence does not require the maximum feasible diligence, but it does require diligence in the circumstances.").

The Court also must determine whether extraordinary circumstances exist to warrant equitable tolling. "[G]arden variety claim[s] of excusable neglect" by a petitioner's attorney do not generally present an extraordinary circumstance meriting equitable tolling. Holland, 560 U.S. at 651. See also Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003). Rather, equitable tolling can be triggered only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava, 398 F.3d at 275-276. See also Holland, 560 U.S. at 648-49 (relying on Pace, 544 U.S. at 418); Jenkins, 705 F.3d at 89 (holding that

6

equitable tolling should be applied sparingly, and only when the "principles of equity would make the rigid application of a limitation period unfair").

Indeed, extraordinary circumstances have been found only where (a) the respondent has actively misled the plaintiff, (b) the petitioner has in some extraordinary way been prevented from asserting his rights, (c) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (d) the court itself has misled a party regarding the steps that the party needs to take to preserve a claim.  See Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).  Nevertheless, it must be restated that, even where extraordinary circumstances do exist, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

Here, Petitioner has offered no explanation for the delay in bringing his federal habeas petition which would allow this Court to consider equitable tolling.  Accordingly, the Petition will be dismissed as untimely.

This dismissal is without prejudice to Petitioner filing a motion to re-open this case for consideration of statutory or equitable tolling issues. See United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005) (en banc) (holding that district courts should provide petitioners with notice and opportunity to respond to a finding of untimeliness); Paulk v. United States, No. 14-3490, 2015 WL 3935813, at *3 (D.N.J. June 26, 2015) (dismissing petition but permitting plaintiff to file a motion to reopen to show valid reasons why the petition should not be dismissed as untimely).

CONCLUSION

For the foregoing reasons, the Petition is dismissed without prejudice as untimely. See 28 U.S.C. § 2255(f). Petitioner may file a motion to re-open this case for consideration of statutory or equitable tolling issues within sixty (60) days from the entry of this Opinion and accompanying Order. See Bendolph, 409 F.3d at 169.

An appropriate Order will follow.

Dated: April 16, 2018         s/ Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN
                               United States District Judge