UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                   :
LAMAR MACON,                       :
                                   :
         Petitioner,               :   Civ. No. 18-3943 (NLH)
                                   :
    v.                             :   OPINION
                                   :
UNITED STATES OF AMERICA,          :
                                   :
         Respondent.               :
_____:

APPEARANCE:
Lamar Macon, No. 65282-050
USP - Allenwood
P.O. Box 3000
White Deer, PA 17887
    Petitioner, pro se

HILLMAN, District Judge

On or about March 22, 2018, Petitioner Lamar Macon, a prisoner presently confined at the United States Penitentiary at Allenwood in White Deer, Pennsylvania, submitted a Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 (the "Petition"). ECF No. 1. Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, the Court reviewed the Petition and summarily dismissed it without prejudice as untimely but permitted Petitioner to file a response to present any argument regarding tolling. Presently before the Court is Petitioner's response regarding tolling. For the reasons that follow, the Petition will remain dismissed as Petitioner has

1

failed to present sufficient explanation or evidence to warrant equitable tolling.

BACKGROUND

On May 20, 2015, Petitioner was convicted of various drug offenses and sentenced to a total of 240 months' imprisonment. ECF No. 1, Pet. at 2; No. 14-cr-50, ECF No. 676 (judgment). Petitioner proceeded with a direct appeal to the Court of Appeals for the Third Circuit, which affirmed his conviction and sentence. See No. 14-cr-50, ECF No. 901 (mandate). Petitioner file a petition for writ of certiorari with the Supreme Court of the United States, which was denied on February 21, 2017. See No. 15-2275, Notice dated Feb. 21, 2017 (3d Cir.).

Over a year later, Petitioner filed the instant § 2255 Motion. The Motion was docketed on March 22, 2018 and appears to have been mailed on March 19, 2018. See ECF No. 1-2 (envelope). Petitioner did not date his Motion or the supporting brief, so it is unclear when the Petitioner placed the Motion in the prison's mail system. See ECF No. 1, Pet. at 14; ECF No. 1-1, Br. at 14. In the Petition, Petitioner argues that his trial and appellate counsel were ineffective and that he is actually innocent of certain offenses because he withdrew from the drug conspiracy and thus should not be criminally liable for a murder that occurred after he withdrew. See ECF No. 1, Pet. at 5-8.

The Court reviewed the Petition and, given the date on which his conviction became final and the date on which he filed the Petition, determined that it was untimely. The Court explained that,

> Petitioner's direct appeal of his criminal case concluded when the Supreme Court of the United States denied his petition for writ of certiorari on February 21, 2017. Therefore, his judgment of conviction became final on February 21, 2017. See Gonzalez v. Thaler, 565 U.S. 134, 149-50 (2012) (holding that a judgment is determined to be final by the conclusion of direct review, or the expiration of time for seeking such review, including the ninety-day period for filing a petition for writ of certiorari). As a result, unless the statute of limitations was tolled, the applicable statute of limitations would have expired a year later on February 21, 2018. See 28 U.S.C. § 2255(f)(1).
>
> The Petition, however, was not filed until on or about March 19, 2018. ECF No. 1-2 (envelope stamped "MAR 19 2018"). See Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (under the prison mailbox rule, "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing[.]"). Thus, the Petition was filed beyond the expiration of the applicable one-year statute of limitations period.
>
> In the section of the Petition entitled "Timeliness of Motion," Petitioner writes only that "The Motion IS Timely." ECF No. 1, Pet. at 13. Without making any determination as to the merits of the Petition, the Court finds that Petitioner has failed to properly explain why his Petition is timely under § 2255(f).

ECF No. 3. Given Petitioner's lack of explanation as to the timeliness of his Petition, the Court gave Petitioner an opportunity to respond on the timeliness issue and also to bring to the Court's attention any potential tolling arguments.

Petitioner has since filed a response in which he explains that,

> Petitioner is a Federal prisoner, confined to the United States Penitentiary . . . component of the Federal Correction Complex . . .Allenwood at White Deer, Pennsylvania. As such, he is not at Liberty to obtain materials and equipment necessary for the filing of legal motions, briefs or other pleadings into this Court, except as staff, employees/officials of this facility allow him.

ECF No. 5. He also includes a letter from his Unit Manager at USP Allenwood, which provides,

> Inmate Macon received an external hard drive with his legal discovery on to review for his legal appeal. In July of 2017, inmate Macon requested permission to review this material. On August 1, 2017, he was informed FCC Allenwood did not have the equipment or capability for him to review this material on an external hard drive. He was instructed to have these materials sent in on a CD's, so he can review them. Please accept this as verification.

Id. Attached to the letter is a copy of email correspondence between the unit manager, a Ronald Hinkley (who appears to be an FCC Allenwood employee), and Petitioner which confirms that Petitioner requested permission to view his discovery materials, that Allenwood was unable to accommodate the mode of review necessary for the materials, and that Petitioner was told that he would need to get copies of his discovery materials on a CD or DVD for viewing. See id.

TOLLING

As the Court explained in its prior Opinion and Order, the Petition is time-barred unless Petitioner can demonstrate extraordinary circumstances to justify equitable tolling of the limitations period. In Holland v. Florida, the Supreme Court held that AEDPA's one-year limitations period is subject to equitable tolling in appropriate cases, on a case-by-case basis. 560 U.S. 631, 649-50 (2010); Ross v. Varano, 712 F.3d 784, 798 (3d Cir. 2013). A litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 560 U.S. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). See also United States v. Thomas, 713 F.3d 165, 174 (3d Cir. 2013); Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 89 (3d Cir. 2013).

The diligence required for equitable tolling is reasonable diligence, not maximum, extreme, or exceptional diligence. Holland, 560 U.S. at 653. Reasonable diligence is examined under a subjective test, and it must be considered in light of the particular circumstances of the case. See Ross, 712 F.3d at 799; Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004) ("Due diligence does not require the maximum feasible diligence, but it does require diligence in the circumstances.").

The Court also must determine whether extraordinary circumstances exist to warrant equitable tolling. "[G]arden variety claim[s] of excusable neglect" by a petitioner's attorney do not generally present an extraordinary circumstance meriting equitable tolling. Holland, 560 U.S. at 651. See also Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003). Rather, equitable tolling can be triggered only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a . . . . prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava, 398 F.3d at 275–276. See also Holland, 560 U.S. at 648-49 (relying on Pace, 544 U.S. at 418); Jenkins, 705 F.3d at 89 (holding that equitable tolling should be applied sparingly, and only when the "principles of equity would make the rigid application of a limitation period unfair").

Extraordinary circumstances have been found only where (a) the respondent has actively misled the plaintiff, (b) the petitioner has in some extraordinary way been prevented from asserting his rights, (c) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (d) the court itself has misled a party regarding the steps that the party needs to take to preserve a claim. See Brinson v. Vaughn, 398 F.3d 225,

230 (3d Cir. 2005). Notably, even where extraordinary circumstances do exist, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

Here, although Petitioner has attempted to explain the delay in his filing of the Petition, he fails to establish circumstances that would warrant equitable tolling. Specifically, Petitioner only explains that as a result of being at USP Allenwood, he has difficulty accessing materials and equipment necessary for the filing of legal motions, briefs, and pleadings and that in July 2017, he requested permission to view certain discovery materials and he was advised in August 2017 that he would need to request those materials on either a CD or DVD. At no point does Petitioner explain whether he was able to access those materials, when he was able to access them if at all, why he needed to access those materials in order to timely file the Petition, and whether he was diligent in requesting access to the materials. Further, Petitioner fails to explain

how a delay in August 2017 would affect the timely filing of a Petition in February 2018 — over six months later.

It may be that Petitioner has circumstances that would explain this delay and would also support an argument for equitable tolling. However, he would need to present those to the Court in a detailed filing. That filing should include dates for each issue he encountered, how long it took for any such issue to be resolve, and how this impacted his ability to file a timely Petition. The filing may include formal argument and case law citations to cases that may support his request for equitable tolling and also any exhibits that demonstrate any issues that prevented him from timely filing the Petition. Petitioner is reminded that a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 560 U.S. at 649 (quoting Pace, 544 U.S. at 418). The Court will permit Petitioner sixty days in which to submit this filing and, at that time, the Court will reconsider his request for equitable tolling.

CONCLUSION

For the foregoing reasons, the Petition will remain dismissed without prejudice as untimely. See 28 U.S.C. § 2255(f). Petitioner may file a response for further

consideration of statutory or equitable tolling within sixty (60) days from the entry of this Opinion and accompanying Order.

An appropriate Order will follow.


September 9, 2019                       ___s/ Noel L. Hillman_____
At Camden, New Jersey              NOEL L. HILLMAN
                                              United States District Judge